UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDREA BULEY,

    Plaintiff,

v.                                                  Case No. 8:15-CV-1882-T-27MAP

CAROLYN W. COLVIN,
Commissioner of Social
Security

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Pursuant to 42 U.S.C. § 1383(c)(3), the Plaintiff seeks judicial review of an administrative decision denying her supplemental security income ("SSI"). Plaintiff argues that the Administrative Law Judge (ALJ) erred by 1) failing to specify the weight given to the opinions of her consultative ophthalmologist; 2) finding her not fully credible; 3) assigning little or no weight to the opinions of Dr. Kim; and 4) finding that she could perform light work. After consideration, I find the ALJ's decision followed the regulatory scheme and is supported by substantial evidence. Accordingly, I recommend that the Commissioner's decision be affirmed and the Plaintiff's complaint be dismissed.

*A. Background*

Plaintiff was fifty-three years old at the time of the ALJ's decision. She attended school in Germany and has the equivalent of a high school education. She works as a tattoo artist, but alleges disability beginning January 1, 2014, due to back problems, fibromyalgia, vision problems, and migraines. The ALJ opined that Plaintiff suffers from severe impairments of

degenerative disc disease of the cervical and lumbar spine, scoliosis, history of leg fracture, with rodding, migraine headaches, and bilateral eye surgeries with residual corneal scarring, but retained the residual functional capacity to perform less than a full range of light work (R. 37). The ALJ considered the Plaintiff's age, education work experience, and residual functional capacity, and opined that there are jobs that exist in significant numbers in the national economy that the Plaintiff can perform including ticket seller, ticket taker, and mail clerk (R. 37-38). The Appeals Council denied Plaintiff's request for review, and Plaintiff filed this action in federal district court. The case is now ripe for review.

   *B. Standard of Review*

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations that are currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 416.920(a). Under this process, the Secretary must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Subpart P; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of her age, education, and work experience. A claimant is entitled to benefits only if unable to perform other work. See *Bowen v. Yuckert*, 482 U.S. 137 (1987); 20 CFR §

416.920(f).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports them. *Richardson v. Perales*, 402 U.S. 389 (1971). The ALJ's factual findings are conclusive if "substantial evidence" consisting of "relevant evidence as a reasonable person would accept as adequate to support a conclusion" exists. See 42 U.S.C. § 405(g); *Keeton v. Department of Health and Human Services*, 21 F.3d 1064 (11th Cir. 1994). The court may not re-weigh the evidence nor substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he has conducted the proper legal analysis, mandates reversal. *Keeton*, supra, at p. 1066; *Jamison v. Bowen*, 814 F.2d 585 (11th Cir. 1987) (remand for clarification).

    C. Discussion

        *1. Consulting ophthalmologist*

Plaintiff asserts that the ALJ erred by failing to address the opinion of consulting ophthalmologist, Dr. Martin J. Rosenblum, that she "is unable to do tasks that require good binocularity and good depth perception." (R. 537) Plaintiff argues that the ALJ is required to state with particularity the weight given to medical opinions and the reasons underlying his decision. She further argues that remand is needed because the ALJ failed to specify the weight assigned to Dr. Rosenblum's opinion. As set forth below, I find no merit to Plaintiff's contention of error, as the ALJ considered Dr. Rosenblum's consultative report in reaching his disability determination.

>The ALJ discussed Dr. Rosenbloom's consultation and opinions. He stated:
>
>>Martin Rosenblum, M.D., performed a consultative ophthalmological examination. He, too, noted a history consistent with that described above, as well as recent treatment for corneal scarring. On examination, the claimant exhibited 20/25- far vision and 20/20 near vision in the right eye. She had 20/80 far vision and 20/20 near vision in the left eye. Her visual field remained intact. Dr. Rosenblum indicated that the claimant was "visually compromised," but not legally blind.

R. 35. After summarizing Dr. Rosenblum's consultative report as well as other record medical evidence, the ALJ opined:

>... the claimant remains capable of work requiring no more than frequent binocular visual acuity or depth perception. This is consistent with the evidence at Exhibits 2F [Mitchell Petit, O.D. and others at Lasik Plus] and 9F [Rosenblum's consultative report] as well as the claimant's near normal 20/25 vision in both eyes when examined in April 2014.

R. 35.

As the Commissioner noted, the ALJ's opinion regarding Plaintiff's vision is also consistent with state agency consultant Dr. Patel who stated, "overall findings indicate that the claimant does not have listing level severity of vision impairment and is able to perform visual operations frequently."[1] (R. 122) In sum, I find the ALJ did not err in failing to specifically opine about the weight assigned to the particular sentence in his report that Plaintiff singles out, as the ALJ properly considered the consultant's report as a whole in light of the other medical evidence in the record before reaching his disability determination. I find the ALJ's evaluation of Plaintiff's vision and RFC determination are supported by substantial record evidence.

### 2. Credibility assessment

Plaintiff argues that the ALJ erred by finding her not fully credible. Her reasoning is

---

[1] "Frequently" means occurring from one-third to two-thirds of the time. *See* SSR 83-10.

difficult to follow, however, she seems to say the ALJ erred by 1) inferring that she may be under-reporting her income on her tax returns, 2) stating that she may have been able to afford health insurance, and 3) relying upon his observations during the administrative hearing that she was able to sit without obvious discomfort. In short, Plaintiff takes issue with the ALJ's observations of her demeanor at the administrative hearing, insinuating the ALJ engaged in "sit and squirm" jurisprudence. Admittedly, the Eleventh Circuit has reversed administrative decisions where the ALJ, who is not a medical expert, subjectively arrives at an index of traits expected to be manifested by the claimant at the hearing and denies the claim if the claimant falls short of that index. *See Johns v. Bowen,* 821 F.2d 551, 556-557 (11th Cir. 1987); *Wilson v. Heckler,* 734 F.2d 513, 517 (11th Cir. 1984); *Freeman v. Schweiker,* 681 F.2d 727, 731 (11th Cir. 1982). But the circuit has also recognized the ALJ's prerogative for assessing the claimant's credibility. *See Norris v. Heckler,* 760 F.2d 1154, 1157 (11th Cir. 1985) (rejecting "sit and squirm" argument because ALJ did not impose his observations in lieu of a consideration of the medical evidence). In short, the circuit does not prohibit an ALJ from evaluating the demeanor of a claimant or witness and reporting those observations in the decision. The critical inquiry is whether the ALJ's consideration of the claimant's appearance and demeanor at the hearing is the sole basis upon which the ALJ rejects medical evidence and testimony. Here, it was not; the ALJ's comment regarding Plaintiff's conduct at the hearing was only one factor among others cited in considering her credibility.

The ALJ properly considered all the evidence presented, including the objective medical evidence and Plaintiff's testimony. The Commissioner asserts that the administrative record supports the ALJ's conclusion that Plaintiff's statements concerning the intensity, persistence,

and limiting effects of her symptoms are not entirely credible. I agree. For instance, at the hearing, the Plaintiff testified that she continued to work as a tattoo artist after her alleged disability onset date. Further, the medical records from Drs. Le, Kim, and Williams show only conservative treatment for pain with no reported side effects and few functional deficits on physical examinations. Hence, the ALJ's conclusion that the inconsistency between her subjective complaints and the record evidence undermines her credibility is amply supported by the record (R. 33-36).

Similarly, I find the ALJ's statements concerning the Plaintiff's tax returns and ability to afford health insurance are harmless errors at best. *See Diorio v. Heckler,* 721 F.2d 726, 728 (11th Cir. 1983) (finding ALJ error is harmless when it does not impact the determination of disability). As the Commissioner states, in determining the Plaintiff's RFC, the ALJ gave Plaintiff the benefit of the doubt and largely credited her subjective complaints.[2] While the ALJ discussed the Plaintiff's tax returns and her ability to afford health insurance, he did not rely on her earnings (or lack thereof) or her ability (or inability) to afford health insurance in finding her not disabled.

    3. Dr. Kim

Plaintiff asserts the ALJ erred by failing to properly evaluate the opinions of her treating

---

[2] The ALJ found Plaintiff "has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b), except she requires the freedom to alternate between sitting and standing positions every 30 to 60 minutes (while still attaining the requisite amount of sitting and standing necessary to perform "light" work). The claimant can never climb ladders, ropes or scaffolds, though she can occasionally climb ramps and stairs and frequently balance, stoop, kneel, crouch, and crawl. The claimant must avoid concentrated exposure to direct sunlight, extreme cold, wetness, humidity, and excessive noise, as well as avoid all exposure to hazardous machinery and unprotected heights. Finally, she cannot perform more than frequent binocular visual acuity or depth perception." (R. 33)

doctor, Dr. Kim, when determining her RFC. The ALJ discussed Dr. Kim's opinions and gave several reasons for rejecting them. The ALJ stated that Dr. Kim's opinion "suggests that the claim has persistent neck and back pain, with difficulties bending for long periods, lifting more than ten pounds, etc." And, the ALJ also stated:

> To reiterate, the care administered by Drs. Kim, Le, and Williams is conservative and not indicative [sic] disabling problems, and the clinical signs/findings themselves are unimpressive. Dr. Kim's assessment, including her indication that the claimant needs a cane when walking, is much too generous, and not consistent as well with her appearance at the hearing without one.

R. 36.

The testimony of a treating physician should be given substantial or considerable weight unless "good cause" is shown to the contrary. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The Commissioner's regulations dictate a similar preference:

> Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.

20 C.F.R. §§ 404.1527(d) and 416.927(d). An ALJ may reject the opinion of any physician when the evidence, as a whole, supports a contrary conclusion. *Bloodsworth*, 703 F.2d at 1240. Here, the ALJ properly considered treating doctor Kim's treatment and opinions, and explained (as quoted above) his reasons for assigning little or no weight to the opinions.

### 4. RFC

Plaintiff argues that the ALJ erred by concluding she is capable of light work. Specifically, she questions the ALJ's residual functional capacity (RFC) determination "even though the objective evidence showed severe degenerative disc disease along with severe

headaches." doc. 16, p. 20.  Upon review, however, I find substantial support for the ALJ's RFC determination and his conclusion that Plaintiff can perform light work.  Citing the applicable regulations and SSR 96-8p, the ALJ determined the Plaintiff's RFC before proceeding to steps four and five of the sequential evaluation process.  He considered all of the Plaintiff's impairments, including impairments that are not severe.  In evaluating Plaintiff's symptoms, the ALJ explained that he first determined whether there is an underlying medically determinable physical or mental impairment (an impairment shown by medically acceptable clinical and laboratory diagnostic techniques) that could be expected to produce the Plaintiff's pain or other symptoms.  And, once an underlying physical or mental impairment that could reasonable be expected to produce the Plaintiff's pain or other symptoms has been shown, the ALJ indicated he must evaluate the intensity, persistence, and limiting effects of her symptoms to determine the extent to which they limit her functioning.  R. 33-34.

      The ALJ discussed Plaintiff's alleged difficulties working due to fibromyalgia, back problems, vision problems, dizziness and migraine headaches.  R. 34.  He stated she reports that her headaches cause sensitivity to light and sound and nausea, and that her pain causes severe limitations regarding her ability to lift, bend, stoop, twist, and causes her to drop things.  The ALJ also considered her reports of coughing and shortness of breath.  R. 34.  Stating that he "carefully considered" the evidence, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms.  However, the claimant's statements concerning the intensity, persistence, and limiting effects of the claimant's symptoms are not entirely credible for the reasons explained in this decision." R. 34.  The ALJ next discussed the Plaintiff 2009 x-rays of her cervical, thoracic, and lumbar spine, as well as her

left lower extremity, MRIs of her head and spine, and the treatment evidence. The ALJ considered the radiological findings, the "benign" treatment records from three treating sources, the fact that the record failed to show any difficulty ambulating or performing fine/gross motor tasks with upper extremities, lack of aggressive treatments for headaches, lack of complaints regarding side effects from medications, the consultative report which revealed few functional deficits upon examination, and the ALJ's own observations at the administrative hearing. R. 34-35; Finding 4, R. 33. I find the ALJ properly considered Plaintiff's subjective complaints and pain and that his RFC determination is supported by substantial evidence. *See Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (finding ALJ properly applied *Holt* pain standard and that his failure to cite or refer to the language of the three-part test was not error where his findings and discussion indicate the standard was applied).

   D. Conclusion

   For the reasons stated, it is hereby

   RECOMMENDED:

   1.   The Plaintiff's complaint be dismissed, and the Commissioner's decision be affirmed.

   IT IS SO REPORTED at Tampa, Florida on October 28, 2016.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).